**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW J. NAUMANN,<br><br>*Plaintiff*,<br><br>v.<br><br>TROY E. MEINK, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-371 (SLS)<br>Judge Sparkle L. Sooknanan |

**MEMORANDUM OPINION**

Andrew J. Naumann, a member of the Pennsylvania National Guard, filed this action challenging an alleged policy barring former Active Guard Reserve (AGR) personnel from receiving incapacitation pay. The Defendants, the Secretary of the Air Force and the Governor of Pennsylvania, each independently move to dismiss on multiple grounds. The Secretary moves to dismiss, in part, for improper venue under Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer this case to either the Eastern District of Virginia or the District of Maryland under 28 U.S.C. § 1406. The Court concludes that venue is improper in this District and transfers the entire action to the Eastern District of Virginia.

**BACKGROUND**

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). The Court also takes "judicial notice of public records from other court proceedings." *Lewis v. Drug Enforcement Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011). Because Mr. Naumann is proceeding pro se, the Court considers his Complaint "in light of all filings, including filings

responsive to [the] motion[s] to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (cleaned up).

Mr. Naumann is a member of the Pennsylvania National Guard. Statement of Claim ¶ 1, Ex. 1 to Compl., ECF No. 1-1. On November 15, 2025, while serving on a full-time AGR tour, he "incurred or aggravated a medical condition[.]" *Id.* ¶ 1; Pl.'s Opp'n to Def. Shapiro's Mot. Dismiss (Opp'n to Shapiro Mot.) at 7, ECF No. 17. As a result, he "curtailed his AGR tour" in January 2026 and submitted a request for incapacitation pay. Pl.'s Opp'n to Def. Meink's Mot. Dismiss (Opp'n to Meink Mot.) at 6, ECF No. 21; Statement of Claim ¶¶ 1–2. "On or about" January 27, 2026, Mr. Naumann was "informed that former [AGR] Members were categorically barred from eligibility for Incapacitation Pay," and that the "bar[]" required that he be granted "an exception" to be eligible for such pay. Statement of Claim ¶¶ 4, 6.

In February 2026, Mr. Naumann brought this lawsuit against the Secretary of the Air Force, Troy E. Meink, and the Governor of Pennsylvania, Josh Shapiro, alleging violations of the Administrative Procedure Act (APA) and the Due Process Clause of the Fifth Amendment. Compl. at 3, ECF No. 1. He "seeks declaratory relief that Defendants' policy and actions are unlawful." Statement of Claim ¶ 8. In April 2026, Governor Shapiro filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Def. Shapiro's Mot. Dismiss (Shapiro Mot.), ECF No. 15.[1] In May 2026, Secretary Meink filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), or in the alternative, to transfer this case to either the Eastern District of Virginia or the District of Maryland under 28 U.S.C. § 1406. Def. Meink's Mot. Dismiss & Mem. in Supp. Thereof (Meink Mot.), ECF No. 20. These motions are

[1] Where filings are not independently paginated, the Court refers to numbering assigned by the Court's electronic filing system (ECF) for ease of reference.

fully briefed and ripe for review. *See* Opp'n to Shapiro Mot.; Opp'n to Meink Mot.; Meink's Reply in Further Supp. of Mot. Dismiss (Reply), ECF No. 25.

## LEGAL STANDARD

Under Rule 12(b)(3), a court may dismiss a case for improper venue. *See* Fed. R. Civ. P. 12(b)(3). "[T]he plaintiff usually bears the burden of establishing that venue is proper." *Varma v. Gutierrez*, 421 F. Supp. 2d 110, 113 (D.D.C. 2006) (quotation omitted). "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). But the Court "need not accept the plaintiff's legal conclusions as true." *Williams v. Wells Fargo Bank N.A.*, 53 F. Supp. 3d 33, 36 (D.D.C. 2014). When venue is improper, a court may dismiss the case under Rule 12(b)(3) or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## DISCUSSION

### A. Secretary Meink

Secretary Meink argues that this District is an improper venue for the claims against him. Courts have proper venue for an action against an officer of the United States in a "district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). Venue in this District is not proper under any prong of Section 1391(e).

*First*, under Section 1391(e)(1)(A), "[t]he residence of an official defendant is determined on the basis of the official residence of the federal officer or agency." *Nader v. Sec'y of the Air Force*, 648 F. Supp. 3d 64, 68 (D.D.C. 2022) (alteration in original) (cleaned up). Secretary

Meink's "residence is therefore the residence of the Air Force itself. And the Air Force resides at the Pentagon, which is located in Arlington, Virginia, not the District of Columbia." *Id.* Mr. Naumann points out that the mailing addresses for the Secretary and the Chief of the National Guard Bureau are listed online as within this District. Opp'n to Meink Mot. at 6. But an official's mailing address is not determinative of residence. *See Ballard v. Kendall*, 640 F. Supp. 3d 41, 54 n.5 (D.D.C. 2022) ("The Court takes judicial notice . . . that the Pentagon is located in Arlington, Virginia[, despite its Washington, D.C. mailing address]." (alteration in original) (cleaned up)); *Hoffler v. Kendall*, No. 22-cv-2744, 2023 WL 172204, at *1 (D.D.C. Jan. 12, 2023) ("The District of Columbia is an improper venue for this action. The Secretary [of the Air Force] resides in Arlington, Virginia."). Thus, the Secretary does not reside in this District.

*Second*, Section 1391(e)(1)(B) confers venue where "a substantial part of the events or omissions" occurred. "In determining whether the 'substantial part' requirement is met, courts should undertake a 'commonsense appraisal' of the 'events having operative significance in the case.'" *E.V. v. Robinson*, 200 F. Supp. 3d 108, 113 (D.D.C. 2016) (quoting *Lamont v. Haig*, 590 F.2d 1124, 1134 & n.62 (D.C. Cir. 1978)). Here, Mr. Naumann claims that "substantial events or omissions" occurred in this District because the issue is one of "federal-level policy interpretation . . . [and National Guard Bureau] and Air Force leadership . . . are part of the challenged policy structure." Opp'n to Meink Mot. at 11. But the officials implementing the alleged policy were located in Virginia, where the Air Force is headquartered. *Cf. Garcia v. Acosta*, 393 F. Supp. 3d 93, 109 (D.D.C. 2019) (denying transfer of venue out of this District where the plaintiff was "challeng[ing] a Department-wide policy and practice" instituted by the Department of Labor, which resides in the District of Columbia and thus "promulgated" the policy from this District). So venue is not proper in this District on that basis either.

*Third*, venue is not proper under Section 1391(e)(1)(C) because Mr. Naumann does not reside in this District. *See* Compl. at 1 (listing Mr. Naumann's address as located in Maryland); *see also Varma v. Gutierrez*, 421 F. Supp. 2d 110, 114 & n.5 (D.D.C. 2006) (finding the plaintiff's address on the complaint sufficient to show she resided in Maryland).

"Where venue is improper, the district court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Dastmalchian v. DOJ*, 71 F. Supp. 3d 173, 177 (D.D.C. 2014) (quoting 28 U.S.C. § 1406(a)). Generally, "[t]ransfer is the preferred option," *id.*, "especially . . . when the plaintiff [is] pro se," *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009).

Here, Secretary Meink requests that the Court transfer the case to either the Eastern District of Virginia, where the Air Force resides, or the District of Maryland, where Mr. Naumann resides. Meink Mot. at 11. The Court finds it in the interest of justice to transfer the claims against Secretary Meink to the Eastern District of Virginia, where venue is proper. 28 U.S.C. § 1391(e)(1)(A). And "transfer would not prejudice [Secretary Meink] on the merits," since he would not be barred from raising any defenses or submitting any motions in the transferee court. *Sinclair v. Kleindienst*, 711 F.2d 291, 293 & n.2 (D.C. Cir. 1983).

**B. Governor Shapiro**

Governor Shapiro did not contest venue, rendering his defense forfeited. *See Gage v. N. J. Dep't of Env't Prot.*, No. 22-cv-0944, 2023 WL 6292788, at *2 (D.D.C. Sept. 22, 2023) (citing Fed. R. Civ. P. 12(h)(1)). But the Court nonetheless transfers the claim against him to the Eastern District of Virginia so that the entire action may proceed in the same district. *See, e.g.*, *Delta Sigma Theta Sorority Inc. v. Bivins*, 20 F. Supp. 3d 207, 209 n.1 (D.D.C. 2014) (transferring the case against all the defendants for improper venue in similar circumstances in order to "transfer[]" "the

entire action . . . to the same district" (quoting *Cottman v. Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 292 (3d Cir. 1994))). Venue is proper there. *See* 28 U.S.C. § 1391(b)(2) (granting venue where a "substantial part of the events or omissions" occurred).[2] *See* Statement of Claim ¶ 3 (challenging a "categorical policy" applied jointly by the "Air Force and the Pennsylvania National Guard"); *see also* Opp'n to Meink Mot. at 11 (arguing that the challenged policy is "not solely a local Pennsylvania action" and that "[National Guard Bureau] and Air Force leadership are . . . part of the challenged policy structure"). And transfer would not prejudice Governor Shapiro. *See Sinclair*, 711 F.2d at 293 & n.2.

**CONCLUSION**

For the foregoing reasons, the Court grants Secretary Meink's Motion to Transfer, ECF No. 20, and transfers this case to the United States District Court for the Eastern District of Virginia. The Court leaves to the receiving court Secretary Meink's request to extend his time to respond to the Complaint and for leave to renew his motion to dismiss.

A separate order will issue.

SPARKLE L. SOOKNANAN
United States District Judge

Date: November 12, 2026

[2] Section 1391(e) governs venue for claims against federal-official defendants. Where non-federal-official defendants are sued in the same action as federal officials, venue is determined under Section 1391(b) unless a statute dictates otherwise. *See Lamont v. Haig*, 590 F.2d 1124, 1128–29 (D.C. Cir. 1978) ("[I]f suit is sought to be maintained not only against a federal defendant embraced within Section 1391(e) but also against an "[a]dditional person[]," there must be proper venue as specified in the pertinent statutes as to each." (quoting 28 U.S.C. § 1391(e)(1)).